**Marie Loretta JERVIS, Plaintiff,**

v.

**Charles E. ELERDING, Jr., Defendant.**

**No. 80–3142–WMB.**

United States District Court,
C. D. California.

Dec. 29, 1980.

Eugene Button, Los Angeles, Cal., for plaintiff.

Thomas Robins, Beverly Hills, Cal., for defendant.

### ORDER GRANTING MOTION TO DISMISS

WM. MATTHEW BYRNE, Jr., District Judge.

This action is brought under 29 U.S.C. § 1132(a)(1)(B) (1976) to recover pension benefits allegedly owing to plaintiff under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* (1976) ("ERISA"). Pendent to the ERISA claim are state law causes of action for breach of contract, willful infliction of emotional distress, and fraud. Jurisdiction is founded on 29 U.S.C. § 1132(e)(1) (1976).

Dr. Charles Elerding is the owner of thirteen apartment complexes. In 1964 he hired Marie Jervis to operate and manage these units. In December 1974 the parties entered into a Memorandum of Employment Agreement ("Agreement") to formalize their existing relationship. The Agreement stated:

In addition to the salary paid to Employee for her services, Employer agrees that upon Employee's retirement, or the termination of this agreement, Employer will provide for Employee, at no cost to her, an apartment, together with all utility services necessary thereto, for the number of months for each year, which correspond with the number of years of her employment pursuant to this Agreement, and the previous oral agreement of the parties. By way of illustration: If, upon Employee's retirement or the termi-

nation of this agreement, she has worked a total of ten (10) years for Employer, Employer will provide for her the said apartment and paid utilities for ten (10) months of each year from the date of her retirement or termination of this agreement, until the date of her death.

The apartment facility to be provided pursuant to this paragraph shall be equivalent to the one in which Employee is residing on the date of the execution of this Agreement. . . .

The provisions of this Paragraph . . . constitute a material inducement for Employee's continuing services to Employer, and shall therefore survive the termination of this agreement, either by breach of either party or mutual cancellation of this agreement.

In November 1979, after being advised by Dr. Elerding of his dissatisfaction with her work, Mrs. Jervis left his employ. Dr. Elerding refused to provide Mrs. Jervis with an apartment and this case ensued.

Defendant moves to dismiss the ERISA claim on the grounds that this Court lacks subject matter jurisdiction because the Agreement that allegedly created the pension rights does not come within the purview of ERISA.[1] Defendant also moves to dismiss the state law claims on the basis that the Court should not exercise pendent jurisdiction.

The first question presented is whether this contract between an employer and one employee, which provides as present consideration for services rendered that the employee be furnished with a rent-free apartment after her retirement or termination, is

---

1. Although the Agreement specifies that the benefit due to plaintiff upon termination or retirement is an apartment and utilities, her prayer seeks an equivalent "amount" in money. Defendant's alternative argument for dismissal, therefore, is that Mrs. Jervis is not suing to "recover [the] benefits due . . . under the terms of [her] plan." 29 U.S.C. § 1132(a)(1)(B) (1970). There is scant law as to whether particular benefits owing under a "plan" can be recovered in another form. One case seems to suggest that if a plaintiff rejects the benefit

described in her plan, she cannot then sue for the monetary equivalent thereof. *See Pollock v. Castrovinci*, 476 F.Supp. 606, 619 (S.D.N.Y. 1979) (finding that where defendant employer and trustee had offered a lump sum benefit, pursuant to the plan's termination, plaintiff could not both refuse that amount and also seek monetary damages on the claim). Because the Court dismisses the action for lack of subject matter jurisdiction under ERISA, it does not reach the issue of the mutability of form of benefits due.

an "employee pension benefit plan" under ERISA.[2]

ERISA provides that civil actions may be brought in federal court

by a participant or beneficiary—

.    .    .    .    .

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan ....

29 U.S.C. § 1132(a)(1) (1976). Thus, the existence of a "plan" is a prerequisite to jurisdiction under ERISA. The terms "employee pension plan" and "pension plan" are defined as:

any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program—

(A) provides retirement income to employees, or

(B) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond,

regardless of the method of calculating the contributions made to the plan, the method of calculating the benefits under the plan or the method of distributing benefits from the plan.

29 U.S.C. § 1002(2) (1976).

■ This Court holds that a contract between an employer and individual employee providing for post-retirement or post-termi-nation in-kind compensation is not a "plan, fund, or program" within the definitional framework of ERISA. Two Opinion Letters prepared by the Office of Pension & Welfare Benefit Programs of the United States Department of Labor indicate that employment contracts that include provisions for post-retirement income are not "plans." The first such Opinion Letter sets forth a situation where the employee entered into an agreement with his employer under which he would be paid a pension benefit upon reaching age 65. He was terminated prior to any portion of the benefit vesting and asked whether ERISA would afford relief. The Department of Labor advised that it had "concluded that the agreement between [the employee] and his employer is an employment contract and is not an 'employee pension benefit plan' as that term is defined in the Act." U. S. Department of Labor Opinion Letter 76–79 (May 25, 1976).

The second Letter discusses an agreement between a corporation and an employee-stockholder to "provide him additional retirement compensation for past services in return for certain considerations." U. S. Department of Labor Opinion Letter 76–110 (Sept. 28, 1976). The Department found that the agreement was "an individual contract . . . to render specific personal services and does not constitute an employee pension benefit plan within the contemplation of . . . ERISA." *Id.*

One article, in discussing the situation where "an employer and an individual employee negotiate a contract providing the employee with deferred compensation," concluded that in those circumstances

---

2. Defendant contends that this Court is without subject matter jurisdiction insofar as ERISA's coverage extends only to an employer "engaged in commerce or in any industry or activity affecting commerce." 29 U.S.C. § 1003(a)(1) (1976). He argues that Dr. Elerding is neither an industry nor engaged in "commerce," as defined in § 1002(11), and that, therefore, the alleged "plan" is not within the scope of ERISA regulation. The term "industry or activity affecting commerce" is defined in § 1002(12) to include any activity, business, or industry in commerce, including any activity or industry "affecting commerce" within the meaning of the Labor Management Relations Act of 1947. The impact that large apartment complexes exert on interstate commerce through their financing purchasing patterns, and effect on interstate travel has led the National Labor Relations Board to exercise jurisdiction over such entities. *See, e. g., Karl Gerber*, 166 N.L.R.B. 697 (1967). Therefore, although the Court dismisses the action on other grounds, it seems unlikely that defendant could prevail solely on his contention that his buildings are not within the coverage set forth in ERISA's definition of "commerce."

[i]t seems relatively certain that there is no employee benefit plan .... The Department of Labor has indicated clearly that the provision of pension benefits to an employee pursuant to an individual employment contract is not an employee pension benefit plan and, therefore, cannot constitute an employee benefit plan for purposes of ERISA [footnote omitted].

Goodman & Stone, *Exempt Compensation Arrangements Under ERISA*, 28 Cath.U.L. Rev. 445, 452, 452–53 (1979).

■ Upon examination of the entire Agreement, the Court is persuaded that the parties simply entered into an employment contract and did not create an employee pension benefit plan. The Agreement is entitled "Memorandum of Employment Agreement"; it avers that "[i]t is the intention of the parties to formalize the pre-existing employer-employee relationship between them by this written memorandum"; it recites that as "additional consideration for the services to be provided by Employee, Employer agreed to provide certain benefits to Employee, the enjoyment of which was to be deferred until either her retirement or termination of employment"; it states that "[i]n addition to the salary paid to Employee for her services, Employer agrees that upon Employee's retirement, or the termination of this agreement, Employer will provide for Employee [an apartment ...]"; and adds that the "provisions of this Paragraphs E [setting forth the clause providing an apartment] constitute a material inducement for Employee's continuing services to Employer ...." Thus, the parties merely memorialized their employee-employer relationship; they did not enter into an agreement for a separate and specific retirement plan. The clause was part of the present compensation arrangement, inserted as consideration for plaintiff's continued services to defendant, rather than as part of a "plan" providing for retirement income or deferral of income. This conclusion finds added support in the Agreement's specification that the apartment is to be provided plaintiff upon either her retirement *or* her termination. *Cf. Murphy v.*

*Inexco Oil Co.*, 611 F.2d 570, 575 (5th Cir. 1980) ("words 'provides retirement income' patently refer only to plans designed for the purpose of paying retirement income whether as a result of their express terms or surrounding circumstances"; payments that may be a "deferral of income" must be made pursuant to a "plan" specifically intending that result).

Because plaintiff is not suing to recover benefits due under the terms of a "plan," but is merely seeking redress for an alleged breach of contract, no civil action lies under § 1132(a)(1)(B). Plaintiff's proper remedy is in state court on her common law claims. Therefore, this Court grants defendant's Motion to Dismiss the first cause of action insofar as subject matter jurisdiction is lacking.

■ Defendant also moves to dismiss the pendent state law claims contained in the second, third, and fourth causes of action. Retention of pendent state claims is a matter well within the discretion of the Court. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Where, however, "the federal claims are dismissed before trial ... the state claims should be dismissed as well." *Id. See also Wham-O-Manufacturing Co. v. Paradise Manufacturing Co.*, 327 F.2d 748, 753 (9th Cir. 1964) (where federal claim dismissed and non-federal claim more appropriately belonged in state court, district court "had no choice but to dismiss the complaint"); *Moynahan v. Pari-Mutuel Employees Guild of California*, 317 F.2d 209, 211–12 (9th Cir.), *cert. denied*, 375 U.S. 911, 84 S.Ct. 207, 11 L.Ed.2d 150 (1963) ("tail wagging the dog" to hear state claims after disposition of federal cause of action). Nevertheless, it would be within the Court's discretion to retain the state claims after having dismissed the ERISA action. *See State of Arizona v. Cook Paint & Varnish Co.*, 541 F.2d 226, 227 (9th Cir. 1976), *cert. denied*, 430 U.S. 915, 97 S.Ct. 1327, 51 L.Ed.2d 593 (1977) (retention of state claims after dismissal of federal claims is question of "discretion, not one of

power"); *Klaus v. H-Shear Corp.*, 528 F.2d 225, 231 (9th Cir. 1975). The claims presented, however, raise predominantly state law issues, from which considerations of federal policy are wholly absent, and as to which the litigants have not expended considerable time. This Court, therefore, finds that the remaining claims would best be heard in state court. *Cf. Hurn v. Retirement Fund Trust of the Plumbing, Heating and Piping Industry of Southern California*, 424 F.Supp. 80, 82 (C.D.Cal.1976) (declining to hear pendent claims in connection with ERISA claim). Therefore, this Court grants defendant's Motion to Dismiss the second, third, and fourth causes of action.

Accordingly,

IT IS ORDERED, ADJUDGED AND DECREED: that defendant's Motion to Dismiss is GRANTED in full.