801 F.2d 675
 55 USLW 2263, 7 Employee Benefits Ca 2137
 R.E. FRAVER; J. Rives Manning, Jr.; J.C. Faust; Hubert
Hampton Martin; William A. Pleasant; C.B. Weatherly, Jr.;
Lee Williams; Jimmy McElreath; Mike Steiner; David
Marion; James K. Wright; William A. Davenport, Jr.; Max
F. Roberts; Ted Bright; Billy Ray Staley; William Samuel
Kirby; Herbert M. Speas, Jr.; Robert L. Dobbins; Linda G.
Hamrick; Edward L. Lowder; Ron Worthington; David
Breeden; Peggy Horney; Harry Horney; Robert J. Womble, Appellees,
v.
NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, Appellant.
R.E. FRAVER; Hubert Hampton Martin; C.B. Weatherly, Jr.;
Lee Williams; William A. Davenport, Jr.; Max F. Roberts;
Ted Bright; Herbert M. Speas, Jr.; Robert L. Dobbins; Ron
Worthington, Plaintiffs,
and
J. Rives Manning, Jr.; J.C. Faust; William A. Pleasant;
Jimmy McElreath; Mike Steiner; David Marion; James K.
Wright; Billy Ray Staley; William Samuel Kirby; Linda G.
Hamrick; Edward L. Lowder; David Breeden; Peggy Horney;
Harry Horney; Robert J. Womble, Appellants,
v.
NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, Appellee.
 Nos. 85-2076(L), 85-2077.
 United States Court of Appeals,
Fourth Circuit.
 Argued April 9, 1986.
Decided Sept. 18, 1986.
 
 Gregory B. Crampton (W. Sidney Aldridge, Merriman, Nicholls, Crampton, Dombalis & Aldridge, P.A., on brief), for appellant/cross-appellee.
 Charles R. Holton (David E. Fox, Bryan E. Lessley, Powe, Porter & Alphin, P.A., on brief), for appellees/cross-appellants.
 Before RUSSELL, SPROUSE, and CHAPMAN, Circuit Judges.
 CHAPMAN, Circuit Judge:
 
 
 1
 Appellant North Carolina Farm Bureau Mutual Insurance Company ceased paying certain benefits to appellees, former members of its sales force, when they violated a condition of payment. Appellees filed this action, alleging that the condition was unenforceable under the Employee Retirement Income Security Act of 1974, 29 U.S.C. Sec. 1001 et seq. (1982 & Supp. II 1984) (ERISA). The central issue is whether the court erred in ruling that the former agents had been employees of Farm Bureau for purposes of ERISA and that the benefits provisions of their contracts established employee pension benefit plans. Finding no pension plan within the meaning of ERISA, we reverse.
 
 
 2
 * Farm Bureau markets its insurance through a sales force of agents and agency managers who solicit applications for insurance. Farm Bureau has treated the members of its sales force as independent contractors. They are paid through commissions, which are reported to the IRS on Form 1099, not Form W-2. Farm Bureau withholds neither FICA nor FUTA from the commissions. Farm Bureau has a funded pension plan that complies with ERISA for its full-time employees, but the members of the sales force do not participate in that plan.
 
 
 3
 The contracts provide for termination at the end of the year that the agent or agency manager reaches age 65 or by either party upon ten days notice, without cause. The agent's contract contains the following provisions:
 
 RETIREMENT, DEATH AND DISABILITY BENEFITS
 
 4
 14. Upon termination of this contract, Company shall pay to agent ... an amount equal to the agent's renewal commission for the last 12 months prior to termination of this contract. The following provisions shall apply to this payment:
 
 
 5
 (A) Payment shall be made unless contract is terminated for reasons of fraud or criminal act.
 
 
 6
 (B) Agent shall have been agent for Company for at least five consecutive years prior to termination of contract.
 
 
 7
 (C) Amount payable shall be paid in 60 equal monthly payments beginning 60 days after termination of contract.
 
 
 8
 (D) Agent shall not be licensed to sell any kind of insurance in North Carolina during the payment period.
 
 
 9
 * * *
 
 
 10
 (G) Company shall deduct above payment from the commission payable to the incoming agent in equal monthly amounts for 60 consecutive months beginning the first full month after the Agent takes over the territory.
 
 
 11
 The agency manager's contract contains similar provisions. Farm Bureau has no fund or trust for the payment of these benefits
 
 
 12
 Plaintiffs are former agents or agency managers for Farm Bureau who, during the payment period, became licensed to sell insurance with other companies in North Carolina and solicited sales in competition with Farm Bureau. When Farm Bureau discontinued payment of their benefits, they instituted this action in the U.S. District Court for the Eastern District of North Carolina. Plaintiffs alleged that they had been employees of Farm Bureau covered by ERISA and that the benefits provision of their contracts established a pension plan under ERISA. They alleged that the condition under which Farm Bureau ceased making payments violates ERISA's vesting provisions, 29 U.S.C. Sec. 1053 (1982 & Supp. II 1984), and thus is invalid and unenforceable. They sought to recover sums past due and sought a declaratory judgment that the remaining amounts would become due in the future.
 
 
 13
 On the parties' motions for summary judgment, the court granted partial summary judgment for plaintiffs, ruling that the agents and agency managers had been employees of Farm Bureau covered by ERISA and that the termination benefits were pension plans under ERISA. The court found that the benefits were vested under the contract and that the clause requiring that the plaintiffs not be licensed to sell insurance during the payment period was invalid and unenforceable because of ERISA's nonforfeitability requirements.
 
 
 14
 On Farm Bureau's motion to alter or amend the judgment, the court ruled that the five-year vesting period in the contract exceeded the requirements of Sec. 1053(a)(2)(A), that an employee with at least ten years of service has a nonforfeitable right to his entire accrued benefit derived from employer contributions. The court ruled that although the benefits were vested after five years, they were forfeitable under the condition until the agent had ten years of service; therefore, those plaintiffs with less than ten years of service were barred from recovery. 643 F.Supp. 633. Following trial on the issue of whether plaintiffs were covered by the highly-compensated employee exception to ERISA's vesting requirements, Sec. 1051(2), the court entered an order incorporating its prior rulings and holding that plaintiffs were not covered by the exception. Farm Bureau appeals, and plaintiffs cross-appeal.
 
 II
 
 15
 The parties have raised numerous issues, but we need address only one. Farm Bureau argues that even if plaintiffs were its employees under ERISA, the court erred in determining that the contractual provisions establishing the termination benefits constituted a pension plan within the meaning of ERISA. Given the specific facts here, we agree.[1]
 
 
 16
 The nonforfeitability requirements of ERISA, set forth in Sec. 1053(a), apply to pension plans, which are defined as follows:
 
 
 17
 Except as provided in subparagraph (B) [regarding the Secretary's power to create certain exempt categories], the terms "employee pension benefit plan" and "pension plan" mean any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program--
 
 
 18
 (i) provides retirement income to employees, or
 
 
 19
 (ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond,
 
 
 20
 regardless of the method of calculating the contributions made to the plan, the method of calculating the benefits under the plan or the method of distributing benefits from the plan.
 
 
 21
 29 U.S.C. Sec. 1002(2)(A) (1982). The provisions do not establish any deferral of the agent's and agency manager's income. Thus, the question is whether they provide retirement income.
 
 
 22
 In two opinion letters prepared by the Office of Pension & Welfare Benefit Programs, the Department of Labor has indicated that employment contracts that include provisions for post-retirement income are not themselves "plans" within the meaning of ERISA. The first letter dealt with a situation in which an employee entered into an agreement with his employer under which he would be paid a pension benefit upon his reaching age 65; however, he was terminated from his employment before any of his benefit was vested. The opinion letter states that the agreement "is an employment contract and is not an 'employee pension benefit plan' as that term is defined in the Act.... [T]he agreement is not subject to the requirements of ... ERISA." U.S. Department of Labor Opinion Letter 76-79 (May 25, 1976). The second letter dealt with an agreement between a corporation and an employee/50-percent shareholder to provide him additional retirement compensation for past services in return for certain consideration. The opinion letter states: "Under the circumstances, the agreement is an individual contract with Mr. (x) to render specific personal services and does not constitute an employee pension benefit plan within the contemplation of section 3(2) of ... ERISA." U.S. Department of Labor Opinion Letter 76-110 (Sept. 28, 1976).
 
 
 23
 It was primarily on this basis that the court held in Jervis v. Elerding, 504 F.Supp. 606 (C.D. Cal.1980), that "a contract between an employer and individual employee providing for post-retirement or post-termination in-kind compensation is not a 'plan, fund, or program' within the definitional framework of ERISA." Id. at 608. That case involved an agreement between an apartment complex owner and his manager. The parties agreed that following the termination of the manager's employment, the manager would receive an apartment and utility services at no cost to her for the same number of months each year as the number of years that the manager had worked for the owner. This apartment was to be provided regardless of the reason for termination, whether by retirement or mutual cancellation or even breach by either party. When the manager left her position and the owner refused to provide the apartment, the manager brought an action under ERISA. The court dismissed the ERISA claim finding that the parties simply entered into an employment contract and did not create an employee pension benefit plan.
 
 
 24
 We find a similar situation in this case. The entire thrust of the agent's and agency manager's agreements involved here was to establish the parameters of the relationship between Farm Bureau and the agent or agency manager. The agreement appointed him to his position, stated his rights and duties, established the rate of his compensation, and discussed the term of the relationship. The post-termination benefits are calculated on the basis of the agent's commissions for the prior year and, in that respect, are like a final commission, paid over an extended term.
 
 
 25
 Further, the nature of the payments is not indicative of a pension or retirement plan. The provisions in question are entitled "Retirement, Death and Disability Benefits." Of course, the nature of the benefits cannot be determined from the title alone. The terms make it clear that the benefits were not limited to termination for death, disability, or retirement. The agent could terminate his contract at any age, and the payments were to be made regardless of the reason for termination except when the agent was terminated for reasons of fraud or criminal act. The amount of the payment is tied to only one factor, the amount of business in the last year prior to termination. Finally, the payments are recouped from the individual's successor. In sum, the benefits are in the nature of a buy-out in which the departing agent receives payments based on what he leaves behind in the way of business for his successor. If the departing agent goes into competition with his successor, he is destroying the resource that would be used to pay him.
 
 
 26
 Under these specific circumstances, we find that the agreements were simply employment or agency contracts, that the terms in question simply established a final form of compensation for the business created by the agent, and that these payments do not constitute retirement income. Therefore, we find that these benefits are not pension plans and do not come within the scope of ERISA. Accordingly, the judgment of the district court must be
 
 
 27
 REVERSED.
 
 
 
 [1]
 Thus, we need not determine whether the district court erred in ruling, on a motion for summary judgment, that plaintiffs were employees of Farm Bureau