**Donald R. McQUEEN, Plaintiff,**

v.

**SALIDA COCA–COLA BOTTLING COMPANY; John L.D. Frazier, Stephen B. Browne, and Seven-Up Wichita Bottling Company, Inc., Defendants.**

**Civ. A. No. 86–K–895.**

United States District Court, D. Colorado.

Feb. 9, 1987.

**1472**

David W. Kerber, Kelly, Stansfield & O'Donnell, Denver, Colo., for plaintiff.

Harry L. Hobson, Harry Shulman, Holland & Hart, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Plaintiff's complaint currently raises two claims for relief: a violation of 29 U.S.C. § 1140, a statutory provision of ERISA, and a claim for punitive damages. Both parties have moved for summary judgment on the issue of whether the contractual agreement between plaintiff and defendant Salida Coca-Cola is a "plan" as defined by ERISA, 29 U.S.C. § 1001 *et seq.* "[T]he existence of a 'plan' is a prequisite to jurisdiction under ERISA." *Jervis v. Elerding,* 504 F.Supp. 606 (C.D.Cal.1980). Salida Coca-Cola also moves to dismiss the punitive damages claim.

The relevant facts are straightforward and undisputed. Plaintiff and Salida Coca-Cola entered into a "Deferred Compensation Agreement" in 1981 which would provide plaintiff monthly retirement income at age 65. In addition, the agreement provided for death and disability payments. The express language of the agreement stated that it was not an employment contract and that it was terminable at the will of either party. A final provision of the contract stated that the plaintiff's rights under the agreement would be expressly assumed by any successor corporation.

In 1985, Salida Coca-Cola was purchased by defendant Seven-Up Wichita. Plaintiff was fired by the successor corporation in January of 1986, eleven days before his rights under the agreement were to vest.

Both parties have focused primarily on the fact that the agreement at issue was one between the employer and only a single employee. Salida cites *Jervis* for the proposition that such an agreement cannot be a "plan" under 29 U.S.C. § 1002(2)(A). Plaintiff disputes this reading of *Jervis,* and relies on general rules of statutory construction to claim ERISA may apply to plans covering only a single employee.

I do not read *Jervis* to adopt a *per se* rule that ERISA can never apply to a plan covering only a single employee, and I decline to adopt any such principle. Rather, the *Jervis* court looked to the agreement as a whole and concluded "that the parties simply entered into an employment contract and did not create an employee pension benefit plan." *Id.* at 609.

■ The same rationale is applicable in this case. Here the signatories to the deferred compensation agreement have expressly declined to categorize the document as an employment agreement. However, the parties' characterization of a private contract cannot affect the statutory scheme Congress has drafted in ERISA. In addition, even if the deferred compensation agreement is not strictly amenable to being labelled an "employment agreement," I have no doubt it is a personal services contract. Therefore, following *Jervis,* I hold the deferred compensation agreement is not an ERISA plan.

This conclusion is buttressed by a cursory examination of some ERISA provisions. For example, plaintiff did not contribute to any fund which would serve as the source of accrued benefits. 29 U.S.C. 1053(a)(1), (2), and (3); 1054(c). Furthermore, no fiduciaries were named to control or manage the operation and administration of the benefit funds, to defray expenses, or to invest or diversify plan assets. 29 U.S.C. 1102(a); 1104(a). The agreement did not implement any procedures for its amendment, did not allocate duties and responsi-

bilites arising under the agreement, and did not specify the basis on which contributions for plaintiff's deferred compensation were to be made. 29 U.S.C. 1102(b). Finally, none of the assets were held in trust. 29 U.S.C. 1103(a). In short, the agreement did not contain any of the provisions which normally attend the creation and maintenance of an ERISA plan, regardless of the number of employees involved.

No genuine question of material fact exists as to the nature of the agreement under the pleadings and affidavits before me. Fed.R.Civ.P. 56(c). Accordingly, plaintiff's ERISA claim must be dismissed.

■ Finally, even if I could construe the deferred compensation agreement as an ERISA plan, punitive damages would be unavailable. *Simmons v. Prudential Ins. Co. of America,* 641 F.Supp. 675, 680–83 (D.Colo.1986).

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment is denied, defendants' motion for summary judgment on the claim of punitive damages is granted, and defendants' motion for summary judgment on the claim of ERISA violations is granted. Judgment shall enter according to this order. Each party shall bear his or its own costs.