**Richard E. DONLEY, Plaintiff,**

v.

**MUTUAL OF AMERICA, et al., Defendants.**

**No. G84–183 CA1.**

United States District Court, W.D. Michigan, S.D.

March 3, 1987.

Smith, Haughey, Rice & Roegge by Jon D. Vander Ploeg and Dykema, Gossett, Spencer, Goodnow & Trigg by Carl R. Fleetwood, Grand Rapids, Mich., for plaintiff.

E. Louis Abid, in pro per.

Honigman, Miller, Schwartz & Cohn by Stephen Wasinger, Detroit, Mich., for Mutual of America.

Law, Weathers & Richardson by Alan Bennett, Grand Rapids, Mich., for Fred S. Missad and M. Howard Rienstra & J.E. Adams, Jr.

Henry Rose, Gen. Counsel by James N. Dulcan, Asst. Gen. Counsel, Lawrence F. Landgraff, Trial Atty., Mark Blank, Angela J. Arnett, Legal Dept., Washington, D.C., and John A. Smietanka, U.S. Atty., Grand Rapids, Mich., for Pension Ben. Guar. Corp.

Anderson & Swets by Roger D. Anderson, Grand Rapids, Mich., for John F. Dubinsky.

Pinsky, Smith & Soet by H. David Soet, Betty Tardy Forrest, Grand Rapids, Mich., for Ward & Reagan.

Napieralski, Walsh & Velzen, P.C. by William J. Napieralski, Grand Rapids, Mich., for Melvin Tardy.

## OPINION

BENJAMIN F. GIBSON, District Judge.

Plaintiff brings this action pursuant to Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1301 et seq., to recover unpaid accrued benefits under the Kent Community Action Program ("Kent-CAP") Employee Pension Plan ("the Plan"). Plaintiff seeks, inter alia, a declaratory judgment that the defendant Pension Benefit Guarantee Corporation ("PBGC") is liable, as guarantor, for any inadequacies in the assets of the defendant Plan. Now before the Court is defendant PBGC's motion for summary judgment.

To warrant the grant of summary judgment, the moving party bears the burden of establishing the non-existence of any genuine issue of fact that is material to a judgment in his favor. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 147, 90 S.Ct. 1598, 1602, 26 L.Ed.2d 142 (1970); *United States v. Articles of Device ... Diapulse*, 527 F.2d 1008, 1011 (6th Cir.1976). In determining whether or not there are issues of fact requiring a trial, "the inferences to be drawn from the underlying facts contained in the affidavits, attached exhibits, and depositions must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir.1962). Even if the basic facts are not disputed summary judgment may be inappropriate when contradictory inferences may be drawn from them. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 995, 8 L.Ed.2d 176 (1962); *E.E.O.C. v. United Association of Journeymen & Apprentices of the Plumbing & Pipefitting Industry, Local 189*, 427 F.2d 1091, 1093 (6th Cir.1970).

The PBGC guarantees certain benefits under plans which are covered by ERISA § 4021, 29 U.S.C. § 1321, at the time of termination. ERISA § 4022(a), 29 U.S.C. § 1322(a).[1] PBGC contends that it is entitled to judgment as a matter of law because the Plan is not tax-qualified and hence is not covered under ERISA § 4021.

Under ERISA § 4021 a covered plan must have "in practice" met each of the

---

1. This section specifically provides:
    § 1322. Single-employer plan benefits guaranteed
      (a) Nonforfeitable benefits
    Subject to the limitations contained in subsection (b) of this section, the corporation shall guarantee, in accordance with this section, the payment of all nonforfeitable benefits (other than benefits becoming nonforfeitable solely on account of the termination of a plan) under a single-employer plan which terminates at a time when section 1321 of this title applies to it.

requirements of the Internal Revenue Code § 401(a), 26 U.S.C. § 401(a), or it must be or have "been determined by the Secretary of the Treasury" to be a plan described in that section.[2] Plaintiffs do not dispute the fact that the Plan did not receive an affirmative determination from the Internal Revenue Service ("IRS") regarding its qualified status, therefore the inquiry becomes whether the Plan qualified in practice under the relevant provisions of the Internal Revenue Code ("the Code").

Defendant PBGC claims that the Plan fails to qualify under the provisions of § 401(a)(3) and (a)(4) of the Code.[3] Section 401(a)(3) incorporates the minimum participation standards in 26 U.S.C. § 410. Section 410(b)(1) provides that a qualified plan must benefit either:

(A) 70 percent or more of all employees, or 80 percent or more of all the employees who are eligible to benefit under the plan if 70 percent or more of all the employees are eligible to benefit under the plan, excluding in each case employees who have not satisfied the minimum age and service requirements, if

any, prescribed by the plan as a condition of participation, or

(B) such employees as qualify under a classification set up by the employer and found by the Secretary not to be discriminatory in favor of employees who are officers, shareholders, or highly compensated.

Defendant contends that the Plan cannot qualify under the percentage test of § 410(b)(1)(A) because only six of an eligible 240 employees were participants in the Plan. The plaintiff, however, contends that he and numerous others have met the requisite age and service requirements and were therefore also "participants" as defined in the Plan.

■ Although the plaintiff and other may have met the participation requirements, they were not participants in the sense that they benefited under the Plan. The Plan defines "participant" as those employees who have met the one year of service and 25 years of age requirements, however, the Plan further provides that actual enrollment occurs following the completion of certain eligibility requirements.[4]

---

2. ERISA § 4021, 29 U.S.C. § 1321 provides in pertinent part:

§ 1321. Coverage
(b) Plans covered
Except as provided in subsection (b) of this section, this section applies to any plan (including a successor plan) which, for a plan year—
(1) is an employee pension benefit plan (as defined in paragraph (2) of section 1002 of this title) established or maintained—
(A) by an employer engaged in commerce or in any industry or activity affecting commerce, or
(B) by any employee organization, or organization representing employees, engaged in commerce or in any industry or activity affecting commerce, or
(C) by both,
· which has, in practice, met the requirements of part I of subchapter D of chapter 1 of Title 26 (as in effect for the preceding 5 plan years of the plan) applicable to plans described in paragraph (2) for the preceding 5 plan years; or
(2) is, or has been determined by the Secretary of the Treasury to be, a plan described in section 401(a) of Title 26, or which meets, or has been determined by the Secretary of the Treasury to meet, the requirements of section 404(a)(2) of Title 26.

3. 26 U.S.C. § 401(a)(3) and (a)(4) provide:
§ 401. Qualified pension, profit-sharing, and stock bonus plans
(a) Requirements for qualification.—A trust created or organized in the United States and forming part of a stock bonus, pension, or profit-sharing plan of an employer for the exclusive benefit of his employees or their beneficiaries shall constitute a qualified trust under this section—
(3) if the plan of which such trust is a part satisfies the requirements of section 410 (relating to minimum participation standards); and
(4) If the contributions or the benefits provided under the plan do not discriminate in favor of employees who are—
(A) officers,
(B) shareholders, or
(C) highly compensated.

4. "Participant" is defined as "any Employee who has completed the minimum age and minimum service requirements indicated in Section 1.3." *Kent-CAP Pension Plan*, Section 2.
The minimum service requirements in Section 1.3 provide that "[e]mployees shall become eligible upon attainment of age 25 and completion of 1 year of service, and *shall be enrolled in the Plan following their completion of the eligibility requirements.* (emphasis added). *Id.* at Section 1.3.

As a condition of eligibility, employees must agree to contribute a certain amount of their monthly salary.[5] It is undisputed that the plaintiff and other proposed class members have not contributed to the Plan, therefore they were not enrolled in the Plan by its own terms. Plaintiff and others may be among those eligible to benefit as provided under § 410(b)(1)(A), but they cannot benefit under the Plan as contemplated by that section. There is no genuine issue of material fact as to the number of persons who were enrolled in and thus able to benefit under the Plan. The uncontradicted deposition testimony of Maureen Abid, former Kent-CAP accountant, indicates that about 240 of approximately 300 employees met the participation requirements. Applying the percentage test to these figures, at least 192 employees must have been enrolled in order for the plan to be tax-qualified. Documents submitted with this motion, as well as the uncontested testimony of Louis Abid, former Kent-CAP business manager, indicate that only five persons were enrolled in and thus able to benefit under the Plan. As the number of employees enrolled in the Plan falls grossly short of the 192 required by the percentage test, the Court concludes that the Plan is not tax-qualified under the provisions of § 410(b)(1)(A).

■■■ The defendant further argues and the Court agrees that the plan also fails to qualify under the alternate provisions of 26 U.S.C. § 410(b)(1)(B). Under this section, a plan may still qualify provided that the plan's classification of employees, does not discriminate in favor of officers, shareholders, employees whose principal duties consist in supervising the work of other employees, or the highly compensated employees. *See* 26 C.F.R. Ch. I, § 1.410(b)–1(b)(2). In determining whether a plan is for the benefit of employees in general, all of the surrounding and attendant circumstances and all of the details of the plan will be considered. In making this determination, not only must the form of the plan be considered but also its operation. *Cornell-Young Co. v. United States*, 469 F.2d 1318, 1324 (5th Cir.1972). In this instance, the uncontradicted testimony of Louis Abid indicates that the Plan was set up for professional employees only and the evidence further indicates that those who were or who had been enrolled in the plan were Kent-CAP's executive director, business manager, director of program planning, two neighborhood center directors, and the director over all neighborhood centers. Moreover, the evidence indicates that prior to 1981, the Kent-CAP personnel policies and procedures manual specifically limited pension enrollment to professional personnel and that after 1981, the manual lacked any reference to the plan whatsoever. Thus while the Plan purports to classify its coverage in a non-discriminatory manner, it fails to meet the standards of § 410(b)(1)(B) because its actual operation benefited only those employees in whose favor discrimination is prohibited. The Plan has failed to meet the requirements of either subsections of § 410(b), therefore it has failed to meet the qualification requirements of 26 U.S.C. § 401(a)(3). The Court further notes that discriminatory operation of the Plan also precludes compliance with § 401(a)(4) which mandates that contributions or benefits of a plan cannot discriminate in favor of officers, shareholders, or the highly compensated.[6]

The Court has reviewed the evidence in the light most favorable to the plaintiff, and it concludes that there are no genuine issues of material fact which warrant a trial of the claims against defendant PBGC. The undisputed evidence indicates and the Court concludes that the Plan has not "in practice" met the requirements for tax-qualification under Internal Revenue Code § 401(a). As the Plan is not tax-qualified, the court further concludes that it is not a covered plan pursuant to ERISA § 4021, 29 U.S.C. § 1321, and therefore it is not subject to guarantee by the PBGC pursuant to

---

**5.** Specifically, the Plan provides that "in order to be eligible for benefits under the Plan" that "[e]mployee agrees to contribute an amount equal to 3% of the first $400 of his Regular

Monthly Compensation plus 6% of the Compensation in excess of that amount." *Id.*

**6.** *See supra,* note 3.

ERISA § 4022(a), 29 U.S.C. § 1322(a). Accordingly, defendant PBGC's motion for summary judgment is granted.