539 A.2d 431

**Frank ALTIMARO and Theresa Altimaro, Appellants,**

v.

**Phillip BOHN**

v.

**MELLON BANK, N.A.**

Superior Court of Pennsylvania.

Argued Dec. 8, 1987.

Filed March 18, 1988.

266

James R. Cooney, Pittsburgh, for appellants.

Jeffrey T. Barbour, Pittsburgh, for Mellon, appellee.

Before ROWLEY, TAMILIA and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from the order of the Court of Common Pleas of Allegheny County ruling that the execution of judgment involving an ERISA[1] plan exempted the plan from garnishment by the appellants/Frank and Theresa Altimaro. We affirm.

1. Employee Retirement Income Security Act. 29 U.S.C. § 1001 et seq.

The facts, as they appear of record, reveal that on April 21, 1981, the appellants confessed judgment against Phillip Bohn/appellee, an employee of Mellon Bank, in the amount of $30,000. Thereafter, the appellants initiated execution proceedings, and, pursuant thereto, interrogatories were served upon Mellon Bank/garnishee. In response, Mellon answered that the appellee was a member of the "Mellon Bank Profit Sharing & Savings Plan", and, as such, the appellee's benefits under the plan were not subject to garnishment.

After the interrogatories and answers thereto were placed at issue, but prior to trial, counsel for both parties agreed to submit the matter as a case stated. The Administrative Judge entered an appropriate order assigning the case to a judge for disposition. Thereafter, the judge presiding over the case entered an opinion and order holding that "the Mellon Plan is not formally labeled a pension plan but the effect of the Plan is to provide retirement benefits for the defendant[/appellee] and, as such, comes within ERISA." As a result, the appellants were denied the right to garnish the $6,000 held by Mellon in Bohn's account. This appeal ensued.

The initial issue which we need to address relates to whether Mellon's "Profit Sharing and Savings Plan" is a "pension plan" under ERISA, for, if it is, garnishment proceedings by the creditors/appellants are precluded under the pre-emptive authority of ERISA.

> As stated most recently by a panel of this Court: "[T]he question whether a certain state action is pre-empted by federal law is one of congressional intent. ' "The purpose of Congress is the ultimate touchstone." ' "

*Engle v. West Penn Power Co.*, 366 Pa.Super. 104, 107, 530 A.2d 913, 915 (1987) (Citation omitted).

The starting point for our analysis is the language of the statute itself. See *Northwest Airlines, Inc. v. Roemer*, 603 F.Supp. 7, 9 (D.Minn.1984). Accordingly, the relevant provisions which we need to examine include 29 U.S.C.

§§ 1056(d)(1) and 1144(a), as well as the companion tax provisions to ERISA in the Internal Revenue Code, 26 U.S.C. § 401(a)(13).

Section 1056(d)(1) reads:

Each pension plan shall provide that benefits provided under the plan may not be assigned or alienated.

Similarly, Section 401(a)(13) of the Internal Revenue Code provides in relevant part that:

A trust shall not constitute a qualified trust under this section unless plan of which such trust is a part provides that benefits provided under the plan may not be assigned or alienated.

Immunity from assignment and alienation in the above context includes immunity from garnishment and attachment. See Treasury Regulations, 41 Fed.Reg. § 56334. Lastly, as for the pertinence of Section 514 of ERISA to the case at bar, it provides that ERISA "supercede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a).

As to the interpretation and application of the aforecited statutes and regulations to the case at hand, such rests on the undisputed record before this Court, a portion of which has already been recited earlier and, therefore, need not be repeated. Of relevance, however, is the fact that the appellants concede, in the parties' joint Statement of Agreed Upon Facts at point 3, that:

In response to a second set of Garnishee Interrogatories MELLON averred:

A determination has been made by the Internal Revenue Service that the Mellon Bank Profit Sharing and Savings Plan is a qualified plan under Section 401(a)(13) of the Internal Revenue Code. Under Section 401(a)(13) of the Internal Revenue Code benefits under a qualified plan may not be anticipated, assigned (either at law or equity), alienated or subject to attachment, garnishment, levy, execution or other legal or equitable process. *See also* Reg. § 1.401(a)–(13)(b).

Since the March 22, 1985, filing of the Statement of Agreed Upon Facts, nothing has occurred to revoke or modify the determination of the Internal Revenue Service (IRS). Also, it is undisputed that Mellon's "Profit Sharing and Savings Plan" contains a nonassignment clause at Section 11.1; it reads:

> *Nonassignment.* Except to the extent provided in Section 7.3, no benefit under the Plan shall be subject in any manner to anticipation, alienation, sale, transfer, assignment, pledge, encumbrance or charge and any attempt to do so shall be void; nor shall any benefit be in any manner liable for or subject to the debts, contracts, liabilities, engagements or torts of the person entitled to such benefit or to executive attachment or other judicial process of whatsoever character; and in the event that any member, former Member or Beneficiary becomes bankrupt or attempts to anticipate, alienate, sell, transfer, assign, pledge, encumber or charge any benefit, then such benefit shall cease and terminate, and the Committee shall hold or apply the same to or for the benefit of such Member, former Member or Beneficiary, his spouse, children or other dependents, or any of them, in such manner and in such proportions as the Committee shall deem proper.

Notwithstanding the preceding, and the apparent compliance with ERISA's requirements attendant to securing federal preemptive status, the appellants argue that Mellon's "Profit Sharing and Savings Plan" is not a "pension" plan.

Under ERISA § 4021, a plan is considered "covered" if it has met each of the requirements of the Internal Revenue Code § 401(a), 26 U.S.C. § 401(a), or it must be or have "been determined by the Secretary of the Treasury" to be a plan described in that section.[2] See *Donley v. Mutual of America,* 655 F.Supp. 271, 272–73 (W.D.Mich.1987).

**2.** ERISA § 4021, 29 U.S.C. § 1321 provides in pertinent part:

 § 1321.  Coverage
  (a) Plans covered

Title 29, § 1202(c)[3] makes applicable to ERISA treasury regulations prescribed under 26 U.S.C. §§ 410(a), 411, 412, none of which the appellants allege Mellon violated in the present case. See *Reklau v. Merchants Nat. Corp.*, 808 F.2d 628, 630 (7th Cir.1986), cert. denied, 107 S.Ct. 2180 (1987). In fact, the appellants do not dispute the fact that the Mellon Plan received an affirmative determination from the IRS regarding its qualified status. Cf. *Rose v. Long Island R.R. Pension Plan*, 828 F.2d 910, 918 (2nd Cir.1987) ("Because the IRS is one of the agencies charged with administering ERISA, its interpretations of the statute are entitled to great deference." (Citations omitted)).

> Except as provided in subsection (b) of this section, this section applies to any plan (including a successor plan) which, for a plan year—
> (1) is an employee pension benefit plan (as defined in paragraph (2) of section 1002 of this title) established or maintained—
> (A) by an employer engaged in commerce or in any industry or activity affecting commerce, or
> (B) by any employee organization, or organization representing employees, engaged in commerce or in any industry or activity affecting commerce, or
> (C) by both,
> which has, in practice, met the requirements of part I of subchapter D of chapter 1 of Title 26 (as in effect for the preceding 5 plan years of the plan) applicable to plans described in paragraph (2) for the preceding 5 plan years; or
> (2) is, or has been determined by the Secretary of the Treasury to be, a plan described in section 401(a) of Title 26, or which meets, or has been determined by the Secretary of the Treasury to meet, the requirements of section 404(a)(2) of Title 26.

3. Section 1202(c) of Title 29 provides:
> Regulations prescribed by the Secretary of the Treasury under sections 410(a), 411, and 412 of Title 26 (relating to minimum participation standards, minimum vesting standards, and minimum funding standards, respectively) shall also apply to the minimum participation, vesting, and funding standards set forth in parts 2 and 3 of subtitle B of subchapter 1 of this chapter. Except as otherwise expressly provided in this chapter, the Secretary of Labor shall not prescribe other regulations under such parts, or apply the regulations prescribed by the Secretary of the Treasury under sections 410(a), 411, 412 of Title 26 and applicable to the minimum participation, vesting, and funding standards under such parts in a manner inconsistent with the way such regulations apply under sections 410(a), 411, and 412 of Title 26.

Albeit the Plan does not defer the entire contribution made by Mellon to a participant until s/he is disabled, retired or severed from employment,[4] the alternative requirement under ERISA's § 4021 was met, i.e., the Plan had been determined by the Secretary of the Treasury to be a "qualified" plan under section 401(a) of Title 26. Thus, the Plan is considered to come within the purview of ERISA and, therefore, not subject to attachment. See *McQueen v. Salida Coca–Cola Bottling Co.*, 652 F.Supp. 1471, 1472 (D.Colo.1987) ("[T]he existence of a 'plan' is a prerequisite to jurisdiction under ERISA." (Citation omitted)). Similar results have occurred in precluding a non-family third party creditor from garnishing benefits derived from a pension plan which is governed by ERISA. See, e.g., *Tenneco, Inc. v. First Virginia Bank of Tidewater*, 698 F.2d 688, 689–90 (4th Cir.1983); *General Motors Corp. v. Buha*, 623 F.2d 455, 462 (6th Cir.1980); *Northwest Airlines, Inc. v. Roemer*, supra, 603 F.Supp. at 11; *Commercial Mortgage Insurance Inc. v. Citizens National Bank of Dallas*, 526 F.Supp. 510, 520 (N.D.Tex.1981); *Helmsley–Spear, Inc. v. Winter*, 426 N.Y.S.2d 778, 74 A.D.2d 195, 199 (1980), aff'd 52 N.Y.2d 984, 438 N.Y.S.2d 79, 419 N.E.2d 1078 (1981); *Christ Hospital v. Greenwald*, 82 Ill.App.3d 1024, 38 Ill.Dec. 469, 403 N.E.2d 700 (1980); *Ward v. Ward*, 164 N.J.Super. 354, 396 A.2d 365 (1978). To the same effect, see *Commonwealth ex rel. Magrini v. Magrini*, 263 Pa.Super. 366, 398 A.2d 179 (1979), wherein this Court concluded that an ERISA qualified pension plan was not immune from attachment to pay for the support of a participant's family. However, as is

---

**4.** Had there been no confirmation letter from the IRS granting "qualifying" status to Mellon's Plan under § 401(a) of Title 26, this Court would not hesitate to find that the participant's (Bohn's) unfettered access to 25%–50% of the employer's yearly contribution to the Plan, the percentage of which depended upon his years of service (see Plan ¶ 5.2), would render questionable the pre-emptive/anti-alienation cloak of ERISA. See *Murphy v. Inexco Oil Co.*, 611 F.2d 570, 575 (5th Cir.1980); *Foltz v. U.S. News & World Report, Inc.*, 627 F.Supp. 1143, 1164 (D.D.C.1986); see also *Fraver v. North Carolina Farm Bureau Mut. Ins. Co.*, 801 F.2d 675 (4th Cir.1986); *Matter of Rolfe*, 34 B.R. 159 (Bankr.N.D.Ill.1983).

germane to the case at bar, this Court commented in dictum that:

> Were this an ordinary attachment or garnishment, e.g. where the beneficiary owed money to a judgment creditor, we would have no problem in accepting appellant's argument as the correct course we should follow[, i.e., since the pension plan conforms to the requirements of ERISA (29 U.S.C. § 1056) and the Internal Revenue Code (26 U.S.C. § 401 et seq.), the attachment of Mr. Magrini's pension could not stand].

Id., 263 Pa.Superior Ct. at 372, 398 A.2d at 182.

Based on the preceding, and because we find that Mellon's Plan is a "qualified" pension plan under federal law, we have no reservations in upholding the actions of the court below in denying the appellants' garnishment efforts in regard to Bohn's pension benefits.

Order affirmed.