Frank STOFFELS, et al., on behalf of the SBC Concession Plan and all other persons similarly situated, Plaintiffs,

v.

SBC COMMUNICATIONS, INC., and the SBC Telephone Concession Plan, Defendants.

Civil Action No. SA–05–CA–0233 WWJ.

United States District Court,
W.D. Texas,
San Antonio Division.

Nov. 26, 2007.

Marc I. Machiz, Cohen, Milstein, Hausfeld & Toll, PLLC, Philadelphia, PA, Matthew B. Kaplan, Michelle C. Yau, Robert Joseph Barton, Cohen, Milstein, Hausfeld & Toll, PLLC, Washington, DC, Paul D. Huckabay, San Antonio, TX, Max Renea Hicks, Law Office of Max Renea Hicks, Austin, TX, for Plaintiff.

John L. Carter, Logan E. Johnson, Stacey Neumann Vu, Vinson & Elkins, L.L.P., Houston, TX, Miriam M. Burke, Vinson & Elkins, L.L.P., Austin, TX, Patrick W. Shea, Paul, Hastings, Janoesky & Walker, LLP, Stamford, CT, for Defendants.

## ORDER

WILLIAM WAYNE, Senior District Judge.

Before the Court for consideration is Defendant's Motion for Summary Judgment in the above numbered and styled civil action. (Docket No. 210.) Though difficult to decipher from its Motion and Reply, Defendant, at bottom, bases its argument upon differing incantations of

three basic arguments: (1) the Concession is not an ERISA pension plan; (2) if the Concession were an ERISA pension plan, it would be impossible for the Concession to fulfill the requirements of ERISA; and (3) treating the Concession as an ERISA plan would be contrary to the purpose of the statute.

Upon careful consideration of the motion, Plaintiffs' Response (Docket No. 219), Defendant's Reply (Docket No. 233), and the summary judgment evidence, the Court finds that Defendant's Motion for Summary Judgment should be DENIED.

### FACTS

This is a civil enforcement action brought under section 502(a)(1)(B), (a)(2), (a)(3) and (c)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 1132(a)(1)(B), (a)(2), (a)(3), and (c)(3) concerning Defendant SBC Communications, Inc.'s, now AT & T Inc., (hereafter "SBC/AT & T") management of an alleged "defined benefit" retirement plan known as the "Telephone Concession."

The Telephone Concession consists of discounted local telephone service for employees and retirees. After the, old AT & T divestiture of its regional operating companies occurred in 1984, some employees and retirees for the first time lived outside the area served by the operating company that employed them ("Out–of–Region" or "OOR")* To enable these OOR employees and retirees to continue to receive the Concession, they were reimbursed for all or a portion of the cost of purchasing telephone service from an independent company. By 2000, SBC/AT & T had consolidated all OOR concession plans, as a distinct unit from in region plans, under one uniform policy with one administrator.

Plaintiffs bring this action on behalf of themselves, and a class consisting of all persons who are either retirees of SBC (or

its predecessors) and its subsidiaries who actually received the Telephone Concession benefit after they retired; or, current and former employees of SDC with more than five years of service during the time that SDC maintained the retirement benefit Plaintiffs' allegations "do[ ] not include [ ] any Telephone Concession benefit conferred on active employees during their employment with SBC." The class is further restricted to those employees or retirees who were out-of-region and therefore, received financial compensation to pay for their local telephone service in lieu of in-kind discounted local telephone services.

Plaintiffs describe the Telephone Concession as "the benefit SBC informed employees that they would receive upon retirement or that Defendant SBC actually provided to retirees, together with the administrative scheme and source of payment used to deliver that benefit." In support of Plaintiffs' allegation that the Telephone Concession constitutes an ERISA pension plan, Plaintiffs point to a brochure issued by the regional "Baby Bell" companies—prior to the divestiture of AT & T—which describes the benefit as:

> TELEPHONE SERVICE AFTER RETIREMENT—Effective with your retirement, charges for your residence will be paid by this Company. This means that, except for a few special types of service, you will receive free local service and be allowed a reasonable amount of toll service over Bell System or connecting lines within the continental United States and Canada during your lifetime.... After retirement, if you take up residence in an area not served by [the Company] this concession still applies.

As part of the court-approved terms of divestiture of the Old AT & T, the new companies, including SBC, which is now AT & T again, were required to continue

providing the Telephone Concession to retirees. Plaintiffs allege that SBC/AT & T altered or reduced the Concession benefit illegally several times.[1] However, The only issue for Phase I of the litigation is whether the OOR Retiree Concession qualifies as an ERISA pension plan.

## STANDARD OF REVIEW

The standard to be applied in deciding a motion for summary judgment is set forth Federal Rule of Civil Procedure 56, which provides in pertinent part as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Mere allegations of a factual dispute between the parties will not defeat an otherwise proper motion for summary judgment Rule 56 requires that there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

A fact is material if it might affect the outcome of the lawsuit under the governing law. *Id.* at 248, 106 S.Ct. 2505; *Thomas v. LTV Corp.*, 39 F.3d 611, 616 (5th Cir.1994). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*; *Wise v. E.I. DuPont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir.1995). Therefore, summary judgment is proper if, under governing laws, there is only one reasonable conclusion as to the judgment; if reasonable finders of fact could resolve a factual issue in favor of either party, summary judgment should not be granted. *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505.

The movant on a summary judgment motion bears the initial burden of providing the court with a legal basis for its motion and identifying those portions of the record which it alleges demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. The burden then shifts to the party opposing the motion to present affirmative evidence in order to defeat a properly supported motion for summary judgment.

---

**1.** In January 2003, Defendant SBC/AT & T sent a letter to retirees living outside the company's service area announcing that the monthly payment would be reduced to $25 monthly, payable in quarterly installments of $75.

In March 2004, the company altered the plan for employees. Employees with at least thirty years of service, whose benefit had been free, now were required to pay $20 per month for their telephone service. The March 2004 alteration eliminated the Concession for out-of-area employees, "in lieu of a one time payment of $150."

In January 2005, SBC informed retirees who retired prior to 1999 that they must enroll in a program called "SBC@Home," in order to keep their Concession benefits. Under SBC@Home, those retirees were to receive a 100% Concession for local service and long distance, and S20 for local toll service. For retirees who retired after 1999, SBC would provide a 50% reduction m local service charges hut would not provide local toll or long distance benefits.

In May or June 2005, OOR retiree class members with access to AT & T long distance were provided with 600 minutes of free long distance service per month in place of the reimbursements.

*Anderson,* 477 U.S. at 257, 106 S.Ct. 2505. All evidence and inferences drawn from that evidence must be viewed in the light favorable to the party resisting the motion for summary judgment. *Hibernia Nat'l Bank v. Carner,* 997 F.2d 94, 97 (5th Cir. 1993). Thus, summary judgment motions permit the Court to resolve lawsuits without the necessity of trials if there is no genuine dispute as to any material facts, and the moving party is entitled to judgment as a matter of law.

## ANALYSIS

### I. An ERISA Pension Plan

The purpose of Phase I of the litigation is to determine whether the Telephone Concession is an ERISA pension plan. A "pension plan" is defined in 29 U.S.C. § 1002(2)(A) as:

> ■ any plan, fund or program [2] which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, [3] to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program—(i) provides retirement income to employees, or (ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond—regardless of the method of calculating the contributions made to the plan, the method of calculating the benefits under the plan or the method of distributing benefits from the plan.

The second element, establishment and maintenance of a plan by the employer, is not legitimately controverted.[2] The par-

ties arguments and evidence concerning elements one and three of a pension plan are discussed below.[3]

### A. Any plan, fund or program

■ An ERISA plan exists if "from the surrounding circumstances a reasonable person can ascertain [1] the intended benefits, [2] a class of beneficiaries, [3] the source of financing, and [4] the procedures for receiving benefits." *Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.,* 904 F.2d 236, 240–41 (5th Cir.1990) (quoting *Donovan v. Dillingham,* 688 F.2d 1367, 1373 (11th Cir. 1982)). Only the first two elements are disputed. (Def. Mt. 24; Pl. Resp. 7.) Plaintiffs submitted uncontroverted and unopposed evidence to both of these issues. For instance, deposition testimony indicated that Accordia, the company SBC/AT & T hired to administer the Concession, was able to determine since 2000 which persons were eligible for the Concession and the amount each of those persons were eligible to receive. (Pl.Ex. 60 at 238). Defendant in their Reply appear to concede that the Concession can be considered a plan; Defendant's merely assert that "[t]he existence of a 'plan' is not sufficient to find ERISA coverage." (Def. Reply 10). It is duly noted that the existence of a plan is only one element of ERISA coverage.

### B. Provides retirement income or deferral of income

i. ERISA applies to a retirement plan that is part of a larger employee benefit plan

SBC/AT & T argues that "Concession should be analyzed as a whole," and under

---

**2.** The SBC–Acordia Agreement specifically provides that SBC/AT & T maintains the "Retired Employee Telephone Concession." (Pl. Ex. 6 at 24759.)

**3.** Throughout its motion, Defendant relies upon the non-binding holding in *Rathbun v.*

*Qwest Commc'n Int'l, Inc.,* 458 F.Supp.2d 1238 (D.Col.2006). The Court finds the summary judgment facts, which were largely undisputed by Defendant, distinguishable from *Rathbun* and otherwise, finds the reasoning in *Rathbun* generally unpersuasive.

such an analysis, the Concession can only be an employee benefit plan and not a pension plan. (Def.Mt.6, 10.) SBC/AT & T do not argue that as a matter of law all such pension plans that may part of a larger employee benefit plan should be evaluated under the employee benefit umbrella. Instead, Defendant argues that as a factual matter, the Concession should be analyzed as part of a larger employee benefit plan, which was not meant to provide retirement income. However, Plaintiffs demonstrate that SBC/AT & T's interrogatory responses identified up to 51 separate concessions, SBC/AT & T's Director of Human Resources testified that she viewed the Concession for OOR Retirees as separate from the Concession to In-Region Retirees, and by 2000 the OOR Retiree Concession had a distinct infrastructure from other segments of the larger plan. (Pl. Summ. Ex. D, Pl.Ex. 62 at 77; Pl. Summ. Ex. B.) Plaintiffs' discovery evidence creates a genuine issue of material fact.

ii. A fact issue exists as to whether the payments meet the definition of retirement income

■ Defendant claims throughout its motion that the Concession cannot be considered income or salary. (Def.Mt.12.) But the Concession must be considered income under Fifth Circuit precedent. In *Musmeci v. Schwegmann Giant Super Markets, Inc.*, the Fifth Circuit determined that a voucher program for retired Schwegmann employees, which allowed them to purchase groceries and exchange the remaining face value of the vouchers for cash, was a pension benefit plan under ERISA. 332 F.3d 339, 341–42 (5th Cir. 2003). Analogous to the Concession, the primary issue before the Fifth Circuit was whether the "vouchers ... provided Plaintiffs with 'retirement income.'" *Id.* at 344. Unlike the instant action, in *Schwegmann* it was undisputed that the voucher pro-

gram was solely for use in retirement. *Id.* at 342, 344, 348. Therefore, the dispositive issue was narrowed to whether the vouchers fit within ERISA's definition of income. Because "[n]either ERISA's statutory provisions or the federal regulations define the term 'income' ...", the Fifth Circuit looked to the plain meaning of income and to the definition of income under the Internal Revenue Code ("IRC"). *Id.* at 344–45. The court found that "the term 'income' is commonly understood to mean a 'gain or recurrent benefit usually measured in money.'" *Id.* at 345 (quoting *Lukhard v. Reed,* 481 U.S. 368, 374, 107 S.Ct. 1807, 95 L.Ed.2d 328 (1987)). The court also found that the Fifth Circuit had previously interpreted the term income under the IRC broadly "to include anything that can be valued in terms of currency." *Id.* at 345. Under either definition, the court held that the vouchers constituted income. *Id.*

Under *Schwegmann*, the Concession is income. The Concession provided a gain that could be measured in money. *Id.* at 345–46. As the vouchers in *Schwegmann*, the Concession was to be treated as taxable and its cash value was readily ascertainable; indeed, the Concession for OOR retirees was conveyed by check. *Id.* at 345; (Pl.Mt.12–13).

■ The knottier issue is if a genuine issue of material fact exists as to whether the Concession constitutes *retirement* income under the statute. SBC/AT & T contends that the OOR Retiree Concession is not retirement income because (1) some active employees received cash payments, (2) payment was conditional upon OOR residence of the retiree, and (3) the purpose of the Concession was not to provide retirement income. (Def.Mt.11–16.)

As for the first contention, this Court previously found that "[t]he fact that either part of the overall Concession was

aimed at employees, or that a separate Concession program existed for employees, does not render the Concession's retiree benefits plan beyond the scope of ERISA." *Stoffels v. SBC Commc'ns, Inc.*, 430 F.Supp.2d 642, 651 (W.D.Tex.2006). Plaintiffs have presented evidence that creates a genuine issue in regard to the distinction between the larger Concession and the OOR Retiree Concession—most convincingly the OOR Retiree Concession's separate administration—and the Defendant has provided no legitimate reason to alter the Court's earlier finding. (*See* Pl. Summ. Ex. C.)

Second, SBC/AT & T alleges that OOR Retiree Concession does not meet the requirements of ERISA because the OOR Retiree Concession is contingent on the residence of the retiree.[4] (Def.Mt.14.) Defendant argues that "[a]t all times, the reimbursements were conditioned upon OOR residence.... Plaintiffs do not and cannot cite a case in which a pension payment was expressed in a form other man a life annuity, an annuity for a specified length of time, or an actuarial equivalent benefit ..." (Def. Reply 4.) SBC/AT & T confuses the term of the benefit with the conditions placed upon that benefit. As the Supreme Court explained, " 'when Congress enacted ERISA, it wanted to ... mak[e] sure that if a worker has been promised a defined pension benefit upon retirement—and if he has fulfilled whatever conditions are required to obtain a vested benefit—he actually will receive it' " *Cent. Laborer's Pension Fund v. Heinz*, 541 U.S. 739, 743, 124 S.Ct. 2230, 159 L.Ed.2d 46 (2004) (quoting *Lockheed Corp. v. Spink*, 517 U.S. 882, 887, 116 S.Ct. 1783, 135 L.Ed.2d 153 (1996)). The residency requirements to receive the Concession are merely a condition to obtain a vested benefit.

In *Heinz*, the plaintiff sued under the anti-cutback provision of ERISA, 29 U.S.C. § 1054(g), because he had previously fulfilled the conditions of his pension—not working in a non-management construction position post-retirement—but that condition was later amended to prohibit employment in any management or non-management, construction position post-retirement. *Id.* at 741–43, 124 S.Ct. 2230. The Court held that because the plaintiff had met the conditions of the plan at the time the bargain had been struck between employer and employee, those conditions could not be changed to reduce his pension. *Id.* at 741, 124 S.Ct. 2230. In the instant action, the residency requirement is merely a condition to continued receipt of the vested benefit. If the plaintiff in *Heinz* had worked in a non-management construction position in violation of the conditions of the pension plan at the time the deal was struck, he would not have prevailed, but, as here, the mere condition does not render the plan beyond the scope of an ERISA defined benefit plan.

Third, SBC/AT & T asserts that the purpose of the Concession was not to provide retirement income and presumably, therefore is not an ERISA plan. (Def. Mt.12–14.) A defined benefit pension plan qualifies under ERISA "to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program ... provides retirement income to employees...." 29 U.S.C. § 1002(2)(a). When constructing a plan, a "court must follow traditional principles of trust law and construe participant's claim 'as it would have any other contract claim—by looking to the terms of the plan

---

4. Defendant also amends that the OOR Retiree Concession is not subject to ERISA protection because some of the named Plaintiffs started, receiving reimbursements prior to retirement. However, this fact goes more to the intent behind the plan and does not as a matter of law, indicate that the plan is not governed by ERISA.

652

and other manifestations to the parties' intent" *Sunbeam–Oster Co., Inc. Group Benefits Plan for Salaried and Non–Bargaining Hourly Employees v. Whitehurst,* 102 F.3d 1368, 1373 (5th Cir.1996) (quoting *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989)). When a state of mind, such as intent, "is an essential element of the non-moving party's claim, it is less fashionable to grant summary judgment because a party's state of mind is inherently a question of fact...." *Int'l Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1265 (5th Cir. 1991). However, summary judgment may, nevertheless, be appropriate " 'if the non-moving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation.' " *Id.* (quoting *Medina–Munoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990)). In the instant action, Plaintiffs and Defendant have produced evidence on intent, including Plaintiffs proffering of the brochure entitled "Telephone Services after Retirement" and Defendant's demonstration that most of the Concession did not go to retirees but to employees. (Def.Mt.12–14.) Neither party, however, have eliminated a genuine issue of material fact on intent, and therefore, summary judgment is not proper.[5]

 iii. A tact issue exists as to whether the payments meet the definition of deferred income

■ The OOR Retiree Concession can also qualify for protection of ERISA if it is a plan established or maintained by SBC/AT & T "to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program ... results in a deferral of income

by employees for periods extending to the termination of covered employment or beyond ..." 29 U.S.C. § 1002(2)(a). Defendant has provided little other than conclusory statements denying that the reimbursements constitute deferred income. Plaintiffs, however, cite, among other evidence, a letter sent to pensioners that indicates, "[t]he retiree telephone concession is deferred compensation" (Pl. Ex. 51 at SBC 50468.) Though this statement does not create a legal conclusion, it does create a genuine issue of material fact, particularly when the moving party has produced no evidence to me contrary.

 C. *Eide v. Grey Fox Tech. Servs. Corp.,* 329 F.3d 600, 605 (8th Cir.2003)

Defendant cites *Eide v. Grey Fox Tech. Servs. Corp.,* 329 F.3d 600, 605 (8th Cir. 2003), for the proposition that "when benefit disbursement arrangements lack the characteristics and are formally inconsistent with ERISA plans, they do not constitute ERISA plans." (Def. Mt 15.) Defendant takes the Eighth Circuit's statement out of context. In context, the Eighth Circuit in *Eide* compared a one-time severance payment that would not be covered by ERISA to an on-going plan where an "employer assumes ... responsibility to pay benefits on a regular basis, and thus faces ... periodic demands on its assets that create a need for financial coordination and control." *Eide,* 329 F.3d at 605 (internal quotations omitted). Unlike *Eide,* the Concession was not a one-time payment to OOR Retirees. Instead, as discussed above, the Plaintiffs have sufficiently established for the purposes of defeating the summary judgment motion that the OOR Retiree Concession required and

---

**5.** SBC/AT & T make the spurious argument that Plaintiffs admitted that there was no intent to create a pension plan in Paragraph 3 of the Second Amended Complaint. (Def. Reply 7.) However, Plaintiffs merely stated that

SBC/AT & T mistakenly believed the pension plan they created would not be covered by ERISA. The Plaintiffs never stated that SBC/AT & T never intended to create a pension plan.

was governed by an ongoing administrative scheme, an ongoing plan. (*See, e.g.* Pl.Ex. 6 at 24759.)

In its misleading citation to *Eide,* and throughout its motion, Defendant appears to be suggesting that if the Concession on its surface does not look like other ERISA plans, then the Concession cannot be an ERISA plan. This suggestion is fallacious. Whether or not the Concession, or any other plan, is an ERISA plan is governed by the elements of the statute, which do not require cosmetic alignment with other pension plans. As the Supreme Court stated in *Heinz,* "ERISA [does not] mandate what kind of benefits employers must provide if they choose to have [a pension] plan. ERISA does, however, seek to ensure that employees will not be left empty handed once employers have guaranteed them certain benefits...." *Heinz,* 541 U.S. at 743, 124 S.Ct. 2230 (quoting *Spink,* 517 U.S. at 887, 116 S.Ct. 1783). Defendant's assertions may tend to demonstrate that the Concession is not a plan, but the assertions do not eliminate a genuine issue of material fact in light of Plaintiffs' specific evidentiary submissions to the contrary.

### D. Welfare Benefit Plan

In its reply, Defendant argues that if the OOR Retiree Concession were a plan, it would "be more akin to a welfare benefit plan than to a pension plan" and therefore not subject to regulation. (Def. Reply 10.) Not only does the Court find this unpersuasive, but the argument does not aid Defendant's summary judgment motion. Instead of eliminating genuine issues of material fact, the argument potentially creates an issue without establishing its fact as a matter of law.

### II. Impossibility

 The remainder of Defendant's arguments allege, at bottom, that it would be impossible for the Concession to comply with the requirements of ERISA.[6] Impossibility of compliance with a statute is an affirmative defense to the violation of that statute. *See Cleveland Consol., Inc. v. Occupational Safety and Health Review Comm'n,* 649 F.2d 1160, 1167 (5th Cir. 1981). However, Phase I of the litigation does not concern whether or not a violation of ERISA has occurred, but only if the Concession qualifies as an ERISA plan.[7] Defendant's argument, as with many of the unwieldy arguments it includes scattershod throughout its motion, attempts to put the cart before the horse. It must first be determined if the Concession qualifies as an ERISA plan before it can be determined that a violation of ERISA oc-

---

**6.** Most notably, SBC/AT & T argues at length that "[t]he *impossibility* of ascertaining specific beneficiaries and benefits due at the time of retirement makes it *impossible* for Defendant to comply with ERISA's accrual and funding rules for a defined benefit pension plans." (Def. Mt. 16 emphasis added). Beyond consisting of an impossibility argument improper for this stage of the litigation, this accrual argument fails on at least two other independent grounds. First, as this Court ruled in denying Defendant's motion to dismiss, "Defendants offer no legal basis for why this particular benefit ... cannot 'accrue' like any other pension benefit based on some duration of employment" *Stoffels,* 430 F.Supp.2d at 654. Moreover, the accrual argument ap-

pears to be another incantation of Defendant's argument that pension plans cannot be conditional, but the Court has already disposed of that argument above.

**7.** In its Reply, Defendant argues that the impossibility defense is only applicable when an obligation to perform under a statute has been conceded or established. (Def. Reply 18.) Contrary to Defendant's intent this argument demonstrates that an impossibility argument is not proper at this stage in the litigation, which is designed to determine if any obligation exists under ERISA to which a subsequent impossibility argument could apply.

curred and if impossibility of compliance can be a defense to that violation.

## III. Purpose of ERISA

Without citation to precedent, Defendant asserts that a finding that the OOR Retiree Concession plan is an ERISA plan would be contrary to the purpose of the statute. (Def. Reply 19.) However, as the Supreme Court explained, "ERISA ... seek[s] to ensure that employees will not be left empty handed once employers have guaranteed them certain benefits...." *Heinz,* 541 U.S. at 743, 124 S.Ct. 2230 (quoting *Spink,* 517 U.S. at 887, 116 S.Ct. 1783). Plaintiffs have created a genuine issue of material fact on whether the Concession is an ERISA plan. If the Concession qualifies, then ensuring that employees will not be left without their guaranteed benefits is precisely the purpose that Congress intended.

As heretofore stated, Defendant's Motion for Summary Judgment shall be DENIED. It is so ORDERED.