Frank STOFFELS, on behalf of the SBC TELEPHONE CONCESSION PLAN and all other persons similarly situated, Plaintiffs,

v.

SBC COMMUNICATIONS, INC., and The SBC Telephone Concession Plan, Defendant.

Civil Action No. SA–05–CA–0233–WWJ.

United States District Court, W.D. Texas, San Antonio Division.

Aug. 1, 2008.

R. Joseph Barton of Cohen Milstein Hausfeld & Toll, P.L.L.C., Washington DC, Marc I. Machiz of Cohen Milstein Hausfeld & Toll, P.L.L.C., Philadelphia, PA, Renea Hicks, Austin TX, for Plaintiffs.

John L. Carter, Vinson & Elkins, Houston TX, for Defendant.

## ORDER

WILLIAM WAYNE JUSTICE, Senior District Judge.

Before the Court for consideration is Defendant's Motion to Certify for Immediate Appeal (Docket No. 319), Defendant's Motion to Stay Proceedings (Docket No. 320), Plaintiffs' Opposition to Defendant's Motion for Immediate Appeal (Docket No. 325), Plaintiffs' Opposition to Defendant's Motion to Stay Proceedings (Docket No. 323), and Defendant's Reply to Plaintiffs'

Opposition (Docket No. 333). Defendant seeks to immediately appeal the Court's finding that the Out–of–Region retiree concession is a pension plan and also seeks a stay of the case pending that appeal. Defendant's Motions are **DENIED.**

## I. Procedural History

This is a civil enforcement action brought under sections 502(a)(1)(B), (a)(2), (a)(3) and (c)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), (a)(2), (a)(3), and (c)(3), concerning Defendant SBC Communications, Inc.'s ("SBC") management of a "defined benefit" retirement plan known as "Concession." The Court bifurcated the matter; Phase I of the litigation focuses solely on the question of whether the Telephone Concession is an ERISA pension plan. Plaintiffs contend that the Telephone Concession is an ERISA plan; Defendant contends the opposite.

After empaneling an advisory jury and conducting a bench trial, this Court entered findings of fact and conclusions of law on May 21, 2008. (Docket No. 318.) In summary, the Court found that Concession is an ERISA pension plan and that Concession should be analyzed separately from telephone discounts provided by Defendant to employees and retirees that live within Defendant's service areas.

Defendant requests that this Court certify the following question to the Fifth Circuit: "Whether the Telephone Concession provided to Out–of–Service Area retirees is a pension plan governed by ERISA § 3(2)?" (Def.'s Reply Support Mot. Certify 2.)[1] Defendant contends this question presents a controlling question of

---

**1.** Defendants initially contended that there were three controlling questions for certification, (Def.'s Mot. for Immediate Appeal 2) but in response to the Court's order requesting

clarification of the questions for certification, Defendants have now raise this lone question. (Def.'s Reply 2.)

law over which there is substantial ground for difference of opinion.

## II. Analysis

The "basic rule of appellate jurisdiction restricts review to final judgments, avoiding the delay and extra effort of piecemeal appeals." *Clark–Dietz & Assocs.-Engrs. v. Basic Construction Co.*, 702 F.2d 67, 69 (5th Cir.1983). Federal law, however, allows a district court to certify questions for interlocutory appeal if three conditions are satisfied: First, the Court must certify in writing that there is a controlling issue of law. 28 U.S.C. § 1292(b). Second, the district court must demonstrate a substantial ground for a difference in opinion on the issue of law. *Id.* Third, the interlocutory appeal should materially advance the ultimate termination of the litigation. *Id.*

Because Defendant's motion for interlocutory review fails to establish that there is a controlling issue of law, and fails to establish substantial disagreement over a controlling issue of law, an immediate appeal is not appropriate.

### A. There is no controlling issue of law

■ Defendants strenuously contend that the question of whether Concession is governed by ERISA is a pure, controlling question of law. The Fifth Circuit requires that the question of law be a *pure* question of law; permissive interlocutory appeals are not proper for determinations that involve applications of law to fact. *Louisiana Patients' Comp. Fund Oversight Bd. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 585, 588 (5th Cir.2005) (denying review of the question of whether insurer breached a duty to Plaintiff because its fiduciary duty to its insureds prevailed over any general good faith and reasonable care duty to the plaintiff, because such a question required an application of law to the facts which is beyond the scope of § 1292(b)). The Fifth Circuit also notes that parties seeking interlocutory appeal must show substantially differing views regarding the legal issue before the court. *Clark–Dietz*, 702 F.2d at 69.

In the instant action, the controlling law is clear and not disputed by the parties: A "pension plan" is defined in 29 U.S.C. § 1002(2)(A) as:

[1] any plan, fund or program [2] which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, [3] to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program-(i) provides retirement income to employees, or (ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond regardless of the method of calculating the contributions made to the plan, the method of calculating the benefits under the plan or the method of distributing benefits from the plan.

The issue raised by Defendants is, at its core, whether, under the *facts* adduced at trial, Concession is a pension plan governed by ERISA. Based on the jury's verdict and its own analysis, the Court held that the facts adduced at trial demonstrated that Concession is a pension plan:

• The class of beneficiaries was clearly ascertainable, as were the benefits to which they were entitled. (Mem. Op.8.)

• Defendant maintained Concession. *Id.* at 12; *see also id.* at 13 (finding that trial "testimony conclusively demonstrates that Defendant and its employees had ultimate control over and responsibility for Concession"); *id.* at 14 (finding "SBC's communications with OOR retirees demonstrate that SBC maintained Concession").

- "Concession was structured separately from other segments of the telephone discount." *Id.* at 15.
- Concession provided retirement income. *Id.* at 11 (noting, *inter alia,* that Regional Bell Operating Companies "have not even been consistent in their claim that Concession is not a retirement benefit").
- Concession was intended to provide retirement income. *Id.* at 12.

It is on the basis of these factual findings that the Court made its conclusions of law. For there to be substantial disagreement on the controlling issue of law, Defendant would have to show that where, as here, the facts show that all the elements of a pension plan under 29 U.S.C. § 1002(2)(A) are met, some courts rule that as a matter of law, there is still no pension plan. Defendant has failed to indicate any courts that have so held; therefore, no substantial difference of opinion exists on the question Defendant seeks to have certified.

Defendant accepts that ERISA is the undisputed controlling law, but nevertheless, argues that "the Fifth Circuit frequently applies legal standards to facts in interlocutory appeals." (Def.'s Reply 3.) However, that statement, and the cases Defendant cites in support, do not further Defendant's request for interlocutory review. For example, Defendant relies on *Halliburton Company Benefits Committee v. Graves,* 463 F.3d 360 (5th Cir.2006). Defendant fails to mention that both parties in *Halliburton* sought interlocutory appeal; here, Plaintiffs oppose Defendant's motion. Defendant also fails to mention that *Halliburton* considered a partial grant of summary judgment, meaning that the critical underlying facts were not disputed; here, the facts were contentiously disputed at trial. Finally, Defendant characterizes the question in *Halliburton* as "whether the specific terms of a company's merger agreement amended its retiree medical plan." (Def.'s Reply 3.) By the Defendant's own characterization, the question in *Halliburton* is the meaning of contract terms and the interaction of different documents; these are the kind of issues of law that are appropriate for summary judgment and interlocutory review because the facts are readily ascertainable. In contrast, the contended facts here determine whether the ERISA even applies.

Defendant also cites to *Mello v. Sara Lee Corporation,* 431 F.3d 440 (5th Cir. 2005). *Mello,* like *Halliburton,* was an appeal from a summary judgment order; like *Halliburton* and unlike this case, the facts in *Mello* were not disputed. *Mello,* 431 F.3d at 443. Moreover, in granting judgment as a matter of law, the district court in Mello found that "because the Fifth Circuit has not soundly rejected the applicability of ERISA estoppel ... the doctrine of ERISA estoppel ... is applicable in this cause of action." *Id.* (internal quotations omitted). In other words, the district court in *Mello* was facing a novel issue of law and chose to apply that law one way; the Fifth Circuit saw the issue differently and reversed. *Id.* at 442. This Court, unlike the Fifth Circuit, has clear law and the task is applying the law to the facts. In contrast, the Fifth Circuit in the instant action would have to review the factual findings in order to apply the law— precisely that court's function in an appeal after a full determination of liability and damages. *Hightower v. Texas Hospital Association,* 65 F.3d 443, 448 (5th Cir. 1995), is similarly distinguishable because the question certified for interlocutory appeal was one of statutory interpretation; a pure question of law.

B. There is no substantial ground for difference of opinion on the issue of law

Defendant contends that the district court's opinion in *Rathbun v. Qwest,*

458 F.Supp.2d 1238 (D.Colo.2006) demonstrates that there is substantial ground for difference of opinion as to whether the OOR Concession and in-region discount should be analyzed separately.[2] Such a difference is a difference in the underlying facts, not law, and therefore does not fulfill any requirement of 28 U.S.C. § 1292(c).

The Court's finding that the OOR plan should be analyzed separately from the in-region telephone discounts was an entirely fact based conclusion. In summary, the Court found that the OOR plan and in region plan should be analyzed separately because Defendant conceived of them separately: the OOR plan is administered separately from the in-region plan; Defendant had employees who coordinated the OOR plan and whose responsibilities were specific to the OOR plan (and not the in-region plan); and the Court found Norma Gonzalez's deposition testimony that the OOR plan and in-region plan were separate to be credible. (Mem.Op.12–17.)

*Rathbun* was based on different facts. *Id.* at 28–29. The parties in *Rathbun* agreed that the purpose of the telephone concession program was to make the same benefits available to in-service and out-of-service retirees. *Rathbun*, 458 F.Supp.2d at 1248. Here, Defendant's witnesses acknowledged that Concession was intended to provide value to OOR Retirees. Defendant's witnesses also acknowledged that cash reimbursements for telephone service are distinct from discounted service. Because *Rathbun* is premised on a very different set of facts—namely, that the telephone discount program was one program without distinctive parts and that the purpose for the OOR retiree reimbursements was the same as the purpose for the in-region phone discounts—the *Rathbun* court's analysis is inapposite.

The other cases Defendant cites, *Murphy v. Inexco Oil*, 611 F.2d 570 (5th Cir. 1980), *Oatway v. American International Group, Inc.*, 325 F.3d 184 (3d Cir.2003), and *Fraver v. North Carolina Farm Bureau Mutual Insurance Company*, 801 F.2d 675 (4th Cir.1986), are also inapposite. These cases do not lay out any legal guidelines for determining whether a particular pension plan is part of a larger plan or should be analyzed separately. That determination is left to the finder of fact.

### C. Interlocutory appeal would materially advance the litigation

Defendant contends that, because this case is complex, interlocutory appeal is appropriate. (Def.'s Reply 10–11.) On this point, Defendant moves some way toward persuading the Court—saving judicial resources by avoiding unnecessary litigation is a worthwhile goal. While Defendant's showing that an interlocutory appeal would advance this litigation is necessary in order for its Motion for Interlocutory Appeal to be Granted, it is not sufficient.

### D. Defendant's other claims do not support interlocutory review

Defendant argues that in excluding Defendant's proposed expert, Professor John Langbein, Esq., the Court determined that the proposed issue is a "legal question." (Def.'s Reply 4–5.) The Court first notes that Defendant conceded that Professor Langbein's testimony was inappropriate. (Def.'s Resp. Pl.'s Mot. Exclude Expert Test. 2, (Doc. No. 248).) Moreover, the court excluded Professor Langbein's testimony as to whether Concession was a plan under ERISA because his speculation as to the ultimate issue, based on assumed

---

**2.** The Court found Rathbun inapposite in its ruling on summary judgment, *Stoffels v. SBC Communications, Inc.*, 526 F.Supp.2d 645 (W.D.Tex.2007), as well as in the Memorandum Opinion. Repetition has not made *Rathbun's* facts more similar to those here.

facts, would not aid the Court in applying the controlling law to the facts adduced at trial.

Defendant also contests the Court's finding that Concession provides retirement income. According to Defendant, the Court found that Concession provided retirement income because it provided recipients payments in retirement and because those payments were taxable. (Def.'s Reply 8.) Defendant misconstrues the Court's opinion. The Court made the finding of fact that Concession was intended to provide retirement income, in addition to creating goodwill. (Mem.Op.11.) Defendant's witness testified that Concession was intended to provide "value" to retirees. *Id.* at 10. Defendant contests the Court's finding of fact that Concession provides retirement income, but such a contention is not a proper question for interlocutory appeal.

 Finally, according to Defendant, Concession is arguably a welfare plan as opposed to a pension plan. (Def.'s Reply 9.) First, this is a question of fact that does not meet the requirements of 28 U.S.C. § 1292(c). In addition, the Court finds that the characteristics Defendant says apply only to welfare plans can also apply to pension plans. Pension plans can be in-kind payments, akin to provision of a service or reimbursement. *See Musmeci v. Schwegmann*, 332 F.3d, 339 (5th Cir.2003) (holding that plan to provide retirees with grocery vouchers was a pension plan covered by ERISA). Pension plans may be contingent on participants' satisfying certain prerequisites. *See Cen. Laborers' Pension Fund v. Heinz*, 541 U.S. 739, 740, 124 S.Ct. 2230, 159 L.Ed.2d 46 (2004) (finding a pension plan where eligibility for payment was contingent on retiree's decision not to live in the same geographic area and work in the same industry in which he had been previously employed). Pension plan payments may also be varia-

ble. *Shaw v. Int'l Ass'n of Machinists & Aerospace Workers Pension Plan*, 563 F.Supp. 653, 655 (C.D.Cal.1983) (finding a pension plan where the formula for payment was based on the retirees' salary, but was not based on a post-retirement change in the salary of the retiree's former position); *see also In Re Defoe Shipbuilding Co.*, 639 F.2d 311, 312–14 (6th Cir.1981) (noting that pension plan payments were to be adjusted pursuant to recommendations by actuary).

For the reasons stated herein, Defendant's Motion to Certify for Immediate Appeal and Defendant's Motion to Stay Proceedings are **DENIED**.